FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 JUL 15 AM 8:18
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA     *
                             *
        vs.                  *   CR 111-131
                             *
DESMOND SANJUAN SAPP         *

O R D E R

In 2011, Defendant Desmond Sanjuan Sapp was convicted of conspiracy to possess stolen firearms and an unregistered shotgun, a violation of 18 U.S.C. § 371, and of possession of stolen firearms, a violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Defendant was sentenced to a total term of imprisonment of 120 months. Defendant did not appeal the conviction or sentence. Defendant has never filed a motion for habeas corpus relief.

On May 16, 2016, Defendant filed a "Motion for Post-Conviction Relief" (doc. no. 15) in which he asks whether he is eligible for post-conviction relief pursuant to the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, in Johnson, the United States Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Id. at 2563. In Welch v. United

States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson retroactive in cases on collateral review.

In order to attack the legality of his sentence, Defendant must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence. Here, Defendant's motion for post-conviction relief does not reference § 2255 in any way. Nevertheless, this Court intends to recharacterize his motion as a first § 2255 motion. See Castro v. United States, 540 U.S. 375 (2003) (explaining that a district court must notify a litigant of its intent to recharacterize a *pro se* motion as a § 2255 habeas petition). This recharacterization means that any subsequent § 2255 motion will be subject to the statutory restriction on "second and successive" § 2255 motions. See 28 U.S.C. § 2255(b) & 2255(h) (prohibiting claims in second or successive § 2255 motions except under certain specified circumstances). Accordingly, Defendant must notify this Court in writing within thirty (30) days hereof if he contests the recharacterization of his motion, whether he wishes to withdraw the motion, or whether he wishes to amend the motion to assert any other § 2255 claims aside from his Johnson claim.[1] If Defendant fails to respond to this Order within 30

---

[1] The **CLERK** is **DIRECTED** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order in case he decides to amend his filing to include

days, his motion for post-conviction relief will be recharacterized as a § 2255 motion, the Clerk will docket it as a new civil action,[2] and his claims will be addressed under the standards applicable to § 2255 motions.[3]

Further, while Defendant asks for the appointment of counsel in his motion, Defendant must proceed in this matter pro se because he has not demonstrated the exceptional circumstances that would warrant the appointment of counsel. See 28 U.S.C. § 2255(g) (incorporating by reference the standards of 18 U.S.C. § 3006A(a)(2)(B) for the appointment of counsel).

---

additional § 2255 claims. If Defendant chooses to amend his motion, he must set forth <u>all</u> his § 2255 claims on the attached form, including his Johnson claim. In other words, if Defendant files an amended motion on the form provided, the Court will not consider the original motion; rather, the amended motion will supersede the original motion in its entirety. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Any new claims filed by Defendant are subject to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255(f), and all other applicable standards governing § 2255 actions.

[2] **The Clerk shall docket the new civil action as a motion under 28 U.S.C. § 2255 with a *nunc pro tunc* filing date of May 16, 2016.**

[3] The Court notes that the United States has filed a response in opposition to Defendant's motion, in which it contends that Johnson is not implicated in his case. The Court, however, cannot consider the merits of the claim in the present posture of the case.

3

ORDER ENTERED at Augusta, Georgia, this 15th day of July, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA