IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DESMOND SANJUAN SAPP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-121 |
| | ) | (Formerly CR 111-131) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Desmond Sanjuan Sapp filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED**, the motion for appointment of counsel be **DENIED**, and this civil action be **CLOSED**.

### I. BACKGROUND

On March 11, 2011, the United States Attorney filed a two-count information against Petitioner charging him with (1) conspiracy to possess stolen firearms and an unregistered short-barreled shotgun, in violation of 18 U.S.C. § 371, and (2) possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). United States v. Sapp, CR 111-131, doc. no. 1 (S.D. Ga. Mar. 11, 2011) (hereinafter "CR 111-131"). The Court appointed attorney Kirk Gilliard to represent Petitioner. Id., doc. no. 14. On April 19, 2011, Petitioner pled

guilty to both charges pursuant to a written plea agreement containing a stipulation under Federal Rule of Criminal Procedure 11(c)(1)(C) of a custodial sentence of 120 months of imprisonment. Id., doc. nos. 9-13.

The United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-three, Criminal History Category at III, and Guidelines range of imprisonment at 168 to 210 months. PSI ¶ 53. Because the maximum statutory term of imprisonment was 180 months, pursuant to U.S.S.G. § 5G1.1(c)(1), the Guidelines range of imprisonment changed to 168 to 180 months. However, the Guidelines change did not impact the agreed-upon sentence of 120 months of imprisonment in Petitioner's Rule 11(c)(1)(C) plea agreement. PSI ¶¶ 2, 64. When United States District Judge J. Randal Hall accepted the guilty plea pursuant to the Rule 11(c)(1)(C) plea agreement, he imposed the stipulated 120 month sentence, along with three years of supervised release, and a $100 special assessment. CR 111-131, doc. nos. 9-13.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing Johnson entitles him to be resentenced. Petitioner does not contend he was sentenced under the statutory provisions of the ACCA. Instead, he argues for extension of Johnson to his sentence because Petitioner does not believe he has committed crimes of violence. (See generally doc. no. 1.)

## II. DISCUSSION

### A. Johnson Does Not Apply to Petitioner.

Petitioner did not qualify as an armed career criminal or receive any adjustment under the advisory Guidelines that turned on any language similar to the residual-clause language in Johnson. Rather, he received a stipulated sentence under the terms of a Rule 11(c)(1)(C) plea agreement. As stated in the plea agreement, "All parties agree that the defendant will be sentenced to a term of imprisonment for 120 months (60 months on Count One and 120 months on Count Two to run concurrently), with the Court's standard conditions pursuant to Rule 11(c)(1)(C)." CR 111-131, doc. no. 10, p. 3.

However, even assuming Petitioner had received some type of "crime of violence" Guidelines enhancement that impacted his sentence in some way, he is not entitled to relief. Although the ACCA and Guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing Guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. Because Petitioner's sentence was not

3

based on application of the ACCA's residual clause and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced, even if his sentence had been imposed pursuant to the Guidelines.[1] See id.; see also United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines.").

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

### B. Petitioner Is Not Entitled to Appointed Counsel.

Petitioner also included a request for appointment of counsel when he initially filed for relief pursuant to Johnson on May 16, 2016. CR 111-131, doc. no. 15. On July 15, 2016, Judge Hall entered an order explaining the Court intended to re-characterize this motion as a first § 2255 motion unless Petitioner notified the Court of his intention to contest the re-characterization, withdraw the motion, or amend the motion to include any § 2255 claims other than those based on Johnson v. United States, 135 S. Ct. 2551 (2015). See id., doc. no. 17. In response to Judge Hall's Order, Petitioner filed the § 2255 motion reviewed above. Thus, the Court turns its attention to the request for appointed counsel.

---

[1] The United States Supreme Court has granted certiorari to consider whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) such that a challenge to a sentence imposed under this portion of the Guidelines is cognizable on collateral review. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (U.S. June 27, 2016) (No. 15-8544).

4

There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[2]; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 147 (2016 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, as evidenced by his § 2255 motion detailing his underlying criminal proceedings and citing recent case law. Moreover, as explained above, his case does not fall within the parameters of Johnson and is due to be dismissed. Therefore, the motion for

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

appointment of counsel should be **DENIED**.  CR 111-131, doc. no. 15.

### III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED,** the motion for appointment of counsel be **DENIED**, (CR 111-131, doc. no. 15), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of August, 2016, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA