IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DESMOND SANJUAN SAPP, | ) | |
| Petitioner, | ) | |
| v. | ) | CV 116-121 |
| | ) | (Formerly CR 111-131) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 4). The Magistrate Judge recommended dismissal of the motion filed pursuant to 28 U.S.C. § 2255 for two reasons: (1) Petitioner did not qualify as an armed career criminal or receive any adjustment under the advisory Guidelines that turned on any language similar to the residual clause language invalidated under Johnson v. United States, 135 S. Ct. 2551 (2015), and (2) even assuming Petitioner had received some type of "crime of violence" Guidelines enhancement, in the Eleventh Circuit, the decision in Johnson does not apply to career offender enhancements under the sentencing Guidelines. (Doc. no. 2, pp. 3-4.) Petitioner's disagreement with the binding Eleventh Circuit case law upon which the Magistrate Judge relied, United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015), forms no basis for undermining the Magistrate Judge's analysis, and Petitioner's objections to dismissal, as well as to the recommendation for denying the request for appointed counsel, are **OVERRULED**.

Along with his objections, Petitioner filed a "supplemental" motion, in which he seeks to add a claim that Amendment 794 to U.S.S.G. § 3B1.2 makes him eligible for a minor-role reduction to his sentence. (Doc. no. 5.) This newest claim affords Petitioner no relief.

Amendment 794 made no substantive change to U.S.S.G. § 3B1.2. Rather, it merely "clarified the factors to consider for a minor-role adjustment." United States v. Casas, 632 F. App'x 1003, 1004 (11th Cir. 2015). Indeed, the Sentencing Commission specifically explained that Amendment 794 is intended only as a clarifying amendment. U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies."). Thus, as a threshold matter, the Court must decide "whether [Petitioner's] claim that his sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255." Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998).

A comparison of the circumstance of Burke and this case confirms relief is not available to Petitioner in a § 2255 proceeding. In both cases, the petitioners did not appeal. Id. at 1331. After sentencing, the Sentencing Commission added a clarifying amendment to the Guidelines, and the petitioners moved under § 2255 to modify their sentences based on the change. Id. Yet because "§ 2255 is not a substitute for direct appeal," nonconstitutional claims such as clarifying amendments to the Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demand of fair procedure.'" Id. (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)).

Because Amendment 794 is a clarifying amendment resulting in no change to the substantive law, Petitioner had the opportunity to challenge the denial of a minor-role adjustment at his original sentencing and on direct appeal, id. at 1332, but he did not. The record does not reflect any objection to the Guidelines sentence calculation, and the Presentence Investigation Report ("PSI") clearly delineated no adjustment for Petitioner's role in the offense. PSI ¶ 21. "Considering all of the circumstances, [the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." Burke, 152 F.3d at 1332.

The case cited by Petitioner out of the Ninth Circuit, United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), is of no help not only because it is non-binding case law outside of the Eleventh Circuit, but also because it held that Amendment 794 may be applied retroactively to direct appeals. 823 F.3d at 522-23. There is no authority that Amendment 794 may be applied in this post-conviction context. Moreover, the conclusion reached by the Court herein is consistent with other decisions from the Southern District of Georgia. See Jacobs v. United States, Nos. CV 416-216 / CR 414-343, 2016 WL 4183312 (S.D. Ga. Aug. 5, 2016), *adopted by* CV 416-216, doc. no. 4 (S.D. Ga. Aug. 24, 2016) (Bowen, J.); Knight v. United States, CV 616-102 / CR 609-048, 2016 WL 4082701 (S.D. Ga. July 29, 2016), *adopted by* CV 616-102, doc. no. 4 (S.D. Ga. Aug. 19, 2016) (Wood, C.J.). Thus, the "supplemental" claim forms no basis for relief.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Petitioner's motion and supplemental motion filed

pursuant to 28 U.S.C. § 2255, and **DENIES** the motion for appointment of counsel (CR 111-131, doc. no. 15).

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation and herein, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 12th day of September, 2016, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]"If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.